## CENTRAL BUILDING & LOAN CO., Plaintiff-Appellant, v JENKINS, Admr., Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6868.   Decided December 1, 1947.

Charles K. Pulse and Vernon W. McDaniel, Cincinnati, for plaintiff-appellant.

Hugh S. Jenkins and J. M. Woy, Cincinnati, for defendant-appellee.

## OPINION

By ROSS, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County in favor of the defendant, Hugh S. Jenkins, Administrator of the Bureau of Unemployment Compensation of Ohio.

The action was brought by the plaintiff, The Central Building & Loan Company, to determine its rights and status under the Unemployment Compensation Law (§§1345-1 GC, et seq., effective 1941-1942) and for a judgment declaring certain liens secured by the defendant upon the assets of plaintiff invalid.

In the answer, it is stated:

"* * * that the plaintiff is conducting a building and loan association business and is open for business and meetings of the Board of Directors one night a week between the hours of 7:00 and 9:00 P. M.; that it has nine directors and that its officers are also members of the Board of Directors and that it has another employee as a janitor; that the defendant made an assessment against plaintiff for contributions for the period of October to December, inclusive, 1941, and Jan. to June, inclusive, 1942 and filed a lien therefor which is recorded in Book 1 Page 100 of the recorder's office of Hamilton County.

    *      *      *      *      *

"* * * for a further defense, alleges that plaintiff is an employer within the meaning of the unemployment compensation law of Ohio and that during the fourth calendar quarter of 1941 it had five individuals in its employment to whom it paid remuneration in the sum of $819.00 and that there was due as contributions thereon the sum of $22.11; that during the first and second calendar quarters of 1942 defendant had five individuals in its employment to whom it paid remuneration in the sum of $1638.00 and that there was due as contributions thereon the sum of $44.23; that the sum of $22.11 bears interest at the rate of 8% per annum from Feb. 1, 1942 and the sum of $44.23 bears interest at the rate of 8% per annum from Aug. 1, 1942."

A reply was filed which in effect was a general denial of the allegations of fact and conclusions of law set out in the answer.

The issues thus presented revolve about the method adopted by the plaintiff in paying certain officers and directors compensation for services rendered plaintiff in addition to their normal activity as directors.

Under the statute law effective in the period under consideration (§9643-3 GC) the plaintiff was prohibited from dividing sums paid directors into amounts paid as directors and officers.

The plaintiff deemed itself amenable to this law and from and after its effective date paid directors performing extra duties as officers or otherwise a sum of money which brought the plaintiff within the class required to pay premiums for unemployment compensation as required by the act then in force.

Its reason for such payment is immaterial. The evidence clearly shows it paid compensation in an undivided lump sum which while attributable to several species of service still acquired the status of a salary. No attempt was made to divide such compensation into payments and allotments. The amounts paid were carried on the books as undivided lump sums, as salaries.

The plaintiff was, therefore, directly within the terms of the act requiring the payment of premiums in that five persons received from plaintiff for services rendered more than $60.00 per calendar quarter, none of which was allocated, paid, or allotted as directors' fees.

The judgment of the Common Pleas Court is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.